## Case No. 3,560.

### In re DANFORTH.

[1 Pa. Law J. Rep. 31; 1 Pa. Law J. 148.]

District Court, E. D. Pennsylvania. 1842.

BANKRUPTCY — WITNESSES BEFORE COMMISSIONER
—PRIVILEGES—CRIMINATING QUESTIONS.

In the examination of a witness before the commissioner, the witness cannot refuse to answer a question which may subject him to no other injury than one of a civil nature.

On the 26th of May, 1842, Danforth's creditors petitioned for a decree of bankruptcy against him, and one of the acts of bankruptcy specified in the petition was, that Danforth, carrying on an individual business, and also a partnership with Hildeburn, and his individual business being indebted to his partnership business, he had, on or about the 15th of February last, assigned various items of his individual property to his co-partner Hildeburn, for the security of the said co-partner, and of the partnership creditors. It was referred to a commissioner to take proofs, &c., and among other witnesses called by the petitioner, was Hildeburn, the co-partner. Mr. Hildeburn submitted to the examination until he was asked, what was the state of his knowledge in regard to Danforth's affairs at the time he accepted the assignment. This he declined answering, and the refusal having been reported by the commissioner to the court, the subject was discussed before his honour, on a motion for an attachment.

Ferdinand W. Hubbell, Esq., with whom was H. Binney, Jr., Esq., on behalf of the witness, stated that the inquiry might prejudice the witness's rights in an action which, thereafter, might be brought by the bankrupt's assignee against the witness to recover the assigned property. The two months mentioned in the proviso of the 2d section of the bankrupt act of 1841 [5 Stat. 442], having elapsed before the petition was filed, the witness's title to the property was indefeasible, unless he had notice of the act of bankruptcy, or of the intention of the bankrupt to take the benefit of the act. The question put to the witness bore directly upon these exceptions of the proviso. He did not resist on the broad ground that a witness was not bound to answer questions which would subject him to civil injury. He considered that question, though at one time much debated, to be settled against the privilege of the witness; but he resisted on the ground of the irrelevancy of the question to the issue. The act of bankruptcy was complete, without any reference to the knowledge of the witness as to Danforth's affairs. Being irrelevant to the issue presented in the case, and being capable of prejudicing the witness's civil rights, the question ought not to be put to him.

B. Gerhard, Esq., in support of his rule, said that any evidence tending to prove any of the alleged acts of bankruptcy, was rele-

vant. The assignment charged to be an act of bankruptcy was not so, as of course, inasmuch as an assignment of part of a trader's effects to a particular creditor did not necessarily infer fraud. Eden, 31, 32. It became an act of bankruptcy only when made in contemplation of bankruptcy, voluntarily, and with an intent to give a preference to the grantee over general creditors. Hartshorn v. Slodden, 2 Bos. & P. 582; Crosby v. Crouch, 11 East, 256. The defence in this case would be, that the assignment was not voluntary, but was yielded to importunity and threats. But this importunity must have been bonâ fide. If the threats had been made merely for the purpose of satisfying the decisions on the bankrupt law, they could not save the assignment from being an act of bankruptcy. Hildeburn's knowing that Danforth's affairs were desperate, may tend, at least, to throw light on this part of the case. Danforth's own knowledge as to his condition may, moreover, in some sort be inferred from that of Hildeburn. But the court would observe, that the question of privilege (though after all, it had been made the basis of the argument on the other side), had been expressly waived by Mr. Hubbell. The objection had been, irrelevancy to the issue. But that was not a ground on which a witness could object; and in the present case the counsel appeared for the witness alone. The respondents had made no objection to the question.

RANDALL, District Judge, after hearing the argument, said, that the subject had already been in his mind, and that he was much inclined to think that the witness was bound to answer. But he would think of it.

A day or two after he said, that the witness was bound to answer the question, unless by the answer, he would accuse himself of something penal, criminal, or infamous.